**FIRST NATIONAL BANK OF BELLAIRE et al., Appellants,**

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA et al., Appellees.**

No. 1597.

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 27, 1977.

Rehearing Denied May 18, 1977.

Charles R. Vickery, Jr., Vickery & Brown, Houston, for appellants.

C. O. Ryan, William J. Merrill, Kelley, Ryan, Merrill & Young, F. Walter Conrad, Jr., Baker & Botts, John L. Hill, Atty. Gen., David M. Kendall, Jr., First Asst. Atty. Gen., John C. Madison, III, Asst. Atty. Gen., Houston, for appellees.

CIRE, Justice.

This appeal is from the granting of a summary judgment against plaintiff taxpayers of the City of Bellaire in their suit to recover damages for the city or to set aside a sale of city property.

In February 1975 the City of Bellaire sold the 4700 block of Locust Street in Bellaire to the Prudential Insurance Co. of America for $1,001. The title was conveyed by deed dated February 17, 1975. In September 1976 the First National Bank of Bellaire and six persons, taxpayers of Bellaire, filed suit on behalf of the taxpayers of Bellaire against Prudential, the City of Bellaire, members of the Bellaire City Council and the Attorney General of Texas, claiming that the land conveyed was worth $172,886; that Prudential had already paid private owners 100 times as much for the 558,000 square feet adjoining the 4700 block of Locust Street; that the transaction was entered into fraudulently by Prudential and the members of the Bellaire City Council; and that plaintiffs had requested the city council to recover the land or its fair market value. Plaintiffs sought damages based on the alleged inadequate consideration for the sale of the property or, alternatively, a declaration that the sale was invalid and the cancellation of the city's conveyance of the land to Prudential. Defendants answered by general denial and further alleged that plaintiffs lacked standing to sue and that the city council had not authorized any of the plaintiffs to institute this suit in its name or on its behalf.

Both defendants moved for summary judgment. Defendant Prudential's motion alleged that this suit was merely a vindictive action, brought on by the possibility that another national bank will be located in a building it owns in Bellaire. Defendants' motions for summary judgment were based solely on the ground that plaintiffs had no standing to sue. The court granted defendants' motions for summary judgment and plaintiffs appeal.

The appeal is based on four points of error. The first point complains, in general terms, that the trial court erred in granting summary judgment. Points two and three assert the trial court erred in holding plaintiffs had no standing to sue. Point four contends the asserted errors were calculated to cause and did cause rendition of an improper judgment.

The central question in this case, presented in points two and three, is whether, where fraud and bad faith are alleged, these taxpayers may, on behalf of the city, maintain an action for the recovery of money or the voiding of a contract. We hold that they cannot.

In Texas, taxpayers have standing to bring a suit in equity to enjoin public officials from expending funds under a void, illegal, or unconstitutional contract. *Calvert v. Hull*, 475 S.W.2d 907, 908 (Tex. Sup.1972); *Osborne v. Keith*, 142 Tex. 262, 264, 177 S.W.2d 198, 200 (1944); *Hoffman v. Davis*, 128 Tex. 503, 505, 100 S.W.2d 94, 95 (1937); *City of Austin v. McCall*, 95 Tex.

565, 577, 68 S.W. 791, 794 (1902); *Terrell v. Middleton*, 187 S.W. 367, 369 (Tex.Civ.App.-San Antonio 1916), *writ ref'd per curiam*, 108 Tex. 14, 191 S.W. 1138, 193 S.W. 139 (1917).

■ Appellants have not brought an injunctive suit, but rather an action for the recovery of funds and for a declaration that the sale is void and for cancellation of the deed. Appellees contend it is the rule in Texas that taxpayers cannot maintain a suit for the recovery of funds expended under any illegal contract or for a declaration that the sale is void, relying on *Hoffman v. Davis, supra*. We believe that the rule expressed in *Hoffman* is controlling.

In *Hoffman*, taxpayers of Presidio County, acting for themselves, for other county taxpayers, and on behalf of the county, sued the county judge and commissioners on their bonds to recover losses allegedly sustained under contracts which the plaintiffs contended were illegal. Chief Justice Hickman, then a member of the Commission of Appeals, stated:

> The right of a taxpaying citizen to go into a court of equity and enjoin public officials from the expenditure of public funds under an illegal contract is given general recognition. It has received the sanction of this court. *Looscan v. County of Harris*, 58 Tex. 511; *City of Austin v. McCall*, 95 Tex. 565, 68 S.W. 791; *Terrell v. Middleton* (Tex.Civ.App.) 187 S.W. 367 (error refused 108 Tex. 14, 191 S.W. 1138, 193 S.W. 139). Our investigation of the question has led us to the conclusion that in a large majority of the cases from other jurisdictions it is held that the right to enjoin cannot be distinguished in principle from the right to maintain a suit for restoration of money unlawfully expended, and it is accordingly held that taxpaying citizens may institute and prosecute suits as well in one class of cases as in the other. But our decisions have established a contrary rule for this jurisdiction.

128 Tex. at 505–06, 100 S.W.2d at 95.

Chief Justice Hickman then proceeded to give another reason why suits of this nature should not be allowed:

[The plaintiffs] have no private interest in the subject-matter. When a taxpayer brings an action to restrain the illegal expenditure by the commissioners' court of tax money he sues for himself, and it is held that his interest in the subject-matter is sufficient to support the action; but when the money has already been spent, an action for its recovery is for the county. The cause of action belongs to it alone. Our courts do not recognize the right of one to bring a lawsuit for another merely because he might derive some indirect benefit therefrom.

The only distinction between *Hoffman* and this case is that in *Hoffman* both the commissioners' court and the county treasurer had the statutory authority to bring suit for the recovery of debts due the county. However, we are convinced this was not a controlling factor in the decision. The court quoted from the opinion in *Looscan v. County of Harris*, 58 Tex. 511, 514 (1883):

> The commissioners' court undoubtedly has the right to cause suits to be instituted in the name of and for the benefit of the county, and except where a concurrent right to do the same thing, or where an exclusive right in a specified case or cases is conferred upon some other tribunal or some other officer of the government, the commissioners' court must be deemed to be the quasi executive head of the county, vested with exclusive power to determine when a suit shall be instituted in the name of and for the benefit of the county.

128 Tex. at 507, 100 S.W.2d at 96.

The court then held that since the commissioners' court was in no position to act because of its alleged misconduct, the right of the county treasurer to bring suit was exclusive. In our case, no other officer or body having a concurrent right, the city council was vested with the exclusive right to institute an action of this nature.

Appellants contend that where, as here, fraud and bad faith are alleged on the part of the public body or officials authorized to

sue on a contract, then the taxpayers should be allowed to bring suit either before or after the contract is executed. This argument was considered by the court in *Hoffman* and rejected:

Plaintiffs in error call upon us to adopt the views of a court of a sister state expressed in this language: 'If those entrusted with the custody of public funds, or those whose duty it is to protect the public interests are remiss in their duty, or refuse to act, the taxpayer should be permitted to do so, and the courts, in the exercise of a sound discretion, will prevent any abuse of the privilege.' Once the right of citizens to bring suits of this nature is granted, under our system of practice the courts would be compelled to try them in the same way as they do other suits, and we know of nothing they could do to prevent the abuse of the privilege. But we are not called upon to decide either whether citizens would abuse the privilege, if granted, or whether it should be granted. What we decide is that it has not been granted. Whether or not it would be a wise public policy to grant it is a legislative, and not a judicial question.

128 Tex. at 509, 100 S.W.2d at 97.

We have reviewed all of the Texas cases cited by appellants in support of their contention that they have standing to bring an action for the recovery of funds. They are inapposite.

In *Osborne v. Keith, supra,* decided seven years after *Hoffman,* Chief Justice Hickman recognized the right of taxpayers to sue for an injunction, but held that they were not authorized to institute a suit on behalf of the county where the discretion to bring such a suit was vested in the county officers.

*City of San Antonio v. Stumburg,* 70 Tex. 366, 7 S.W. 754 (1888), a taxpayer's suit to enjoin the City of San Antonio and Bexar County from erecting a public building, held that the plaintiff had no standing to sue to restrain an interference with a public right where he had not suffered or been

threatened with "some damage peculiar to himself."

*Bowling v. City of El Paso,* 529 S.W.2d 509 (Tex.Sup.1975), was a suit by the City of El Paso to have the exchange of certain city-owned lands declared void and rescinded. It was not a taxpayers' action.

Taxpayers in the City of El Paso were held to have standing to sue to cancel and declare void certain deeds executed by the city in *McCoy v. Williams,* 500 S.W.2d 178 (Tex.Civ.App.-El Paso 1973, writ ref'd n. r. e.). The court recognized the general rule that private citizens may not bring such suits, but held that those plaintiffs were authorized by article 1015c, Texas Revised Civil Statutes Annotated (1963), to bring a suit as taxpayers to enforce state laws intended to protect parks. No such statutory authority has been presented in this case.

*McKinney v. City of Abilene,* 250 S.W.2d 924 (Tex.Civ.App.-Eastland 1952, writ ref'd n. r. e.), was a suit brought by the City of Abilene, not by a taxpayer.

*J. R. Phillips Inv. Co. v. Road Dist. No. 18,* 172 S.W.2d 707 (Tex.Civ.App.-Waco 1943, writ ref'd), was a suit for recovery of money allegedly owing to the county, and to enjoin the county from paying out any funds under a contract with J. R. Phillips Investment Co. The court held that the plaintiff taxpayers were entitled to sue for a declaration that the contract in question was illegal and for an injunction against the county officials from paying any funds thereunder. The court also held that the county attorney was authorized to bring suit for the recovery of the money illegally paid. The court did not recognize the right of the taxpayers to bring such a suit.

In *City of Corpus Christi ex rel. Harris v. Flato,* 83 S.W.2d 433 (Tex.Civ.App.-San Antonio 1935, writ dism'd), the court held that taxpayers had no standing to bring a suit to recover money previously paid by the city.

*Calvert v. Hull, supra,* is the latest opinion by the supreme court on the question of taxpayers' standing to sue. In that case, taxpayers sued the Comptroller of Texas to enjoin him from disbursing funds appropri-

ated by the Legislature for acquisition of certain property. The court held that the taxpayers had standing to bring the suit, citing *Terrell v. Middleton, supra,* which was also an injunctive suit.

Appellants contend that *Calvert* was also a suit to invalidate executed contracts. We do not agree. The supreme court specifically noted there was no direct attempt to undo any particular deed or transaction. Moreover, had the court so viewed the case, it would then have been presented with a perfect opportunity to discuss the *Hoffman* case and distinguish or overrule that opinion. However, *Hoffman* was not even mentioned, and the court affirmed the judgment of the trial court enjoining the Comptroller from spending certain funds. The rule expressed in *Hoffman* is still the law in Texas.

The judgment of the trial court is affirmed.