Richard P. KORDUS et al., Appellants,

v.

The CITY OF GARLAND, Texas, et al., Appellees.

No. 1083.

Court of Civil Appeals of Texas, Tyler.

Jan. 19, 1978.

Rehearing Denied Feb. 16, 1978.

Laurence E. Bergman, Bergman & Crowl, Garland, for appellants.

Merril E. Nunn, Asst. City Atty., Garland, O. Earl Luna, Thomas V. Murto, III, Luna & Murto, Dallas, for appellees.

MOORE, Justice.

Plaintiffs Richard Kordus and Gordon Spalding, individually and as a class on behalf of the tax-paying property owners of the City of Garland, instituted this suit against defendants the City of Garland and the Garland Chamber of Commerce, seeking to recover $10,000.00 which the City donated through its wholly-owned power corporation, the Garland Power & Light Co., to the Garland Chamber of Commerce. They alleged that the gift was in violation of provisions of the Texas Constitution which prohibit donations to private corporations. They also sought the recovery of an unspecified number of past payments in the amount of $3,000.00 per year, representing annual membership dues paid by the City to the Chamber of Commerce, on the grounds that such payments were likewise in violation of the Texas Constitution. In addition, plaintiffs sought a permanent injunction prohibiting the City from expending a sum in the amount of $40,000.00 per year pursuant to an alleged illegal agreement with the Chamber of Commerce, and further prohibiting the City from making future payments of membership dues to the Chamber of Commerce.

Defendants, the City of Garland and the Garland Chamber of Commerce, filed, re-

spectively, a plea in abatement and a plea to the jurisdiction, contending that the plaintiffs' pleadings failed to demonstrate a justiciable issue in the matter and that the plaintiffs therefore lacked standing to sue. The trial court granted the pleas of both defendants and dismissed the cause, from which ruling plaintiffs duly perfected this appeal.

We affirm in part and reverse and remand in part.

At the request of the plaintiffs the trial court filed findings of fact and conclusions of law, finding among other things that: (1) plaintiffs are citizens, residents and taxpayers in the City of Garland; (2) plaintiffs do not have standing to bring the suit; (3) the pleadings do not show that plaintiffs have a justiciable interest in the subject matter of the suit; and (4) plaintiffs' petition does not allege any damage peculiar to themselves.

Plaintiffs alleged in their petition that at the regularly scheduled council meeting of the City of Garland on August 20, 1974, said council adopted a resolution which authorized the City, through its wholly-owned power corporation, to expend the sum of $10,-000.00 as a donation to the building fund of the Garland Chamber of Commerce, a Texas corporation. They alleged that such sum was paid to the Chamber of Commerce in violation of Art. III, sec. 52, and Art. XI, sec. 3, of the Texas Constitution, which prohibit donations to private corporations. Plaintiffs also alleged that the City had paid for a considerable period of time the sum of $3,000.00 per year as membership dues to the Chamber of Commerce in violation of the foregoing provisions of the Texas Constitution.

Article III, sec. 52, of the Texas Constitution provides in pertinent part:

"The Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation

whatsoever, or to become a stockholder in such corporation, association or company; . . . ."

Article XI, sec. 3 provides:

"No county, city, or other municipal corporation shall hereafter become a subscriber to the capital of any private corporation or association, or make any appropriation or donation to the same, or in anywise loan its credit; . . . ."

On appeal plaintiffs argue that they had a right to maintain a cause of action to recover the alleged illegal donation of $10,000.00 to the Chamber of Commerce either on behalf of themselves or the City. They also contend that they are entitled to maintain a cause of action on behalf of themselves and other taxpaying citizens to recover the past payments by the City to the Chamber of Commerce in the amount of $3,000.00 per year, representing annual membership dues. We cannot agree with these propositions. While the Texas Constitution clearly prohibits donations and expenditures of this nature,[1] the established rule in Texas is that a taxpayer does not have standing to bring suit to recover public funds already illegally expended by the city. *Hoffman v. Davis*, 128 Tex. 503, 100 S.W.2d 94 (1937); *First Nat. Bank of Bellaire v. Prudential Ins. Co. of America*, 551 S.W.2d 112 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n. r. e.). The right of action to recover funds already spent belongs exclusively to the municipality. *Scott v. Graham*, 156 Tex. 97, 292 S.W.2d 324 (1956); *Glass v. City of Austin*, 533 S.W.2d 411 (Tex.Civ.App.—Austin 1976, no writ). Therefore, we hold that the court did not err in granting the defendants' dilatory pleas and decreeing that plaintiffs lacked standing to sue for the recovery of the $10,000.00 donation and the $3,000.00 annual membership dues to the Chamber of Commerce already expended by the City. Accordingly, this portion of the judgment must be affirmed.

---

1. And see Tex.Att'y Gen. Op. No. H–397 (1974), which holds that a county may not become a dues-paying member of an incorporated chamber of commerce.

Appellants contend, however, that the cause of action alleged here falls within an exception to the foregoing rule, relying on the following statement in *Osborne v. Keith,* 142 Tex. 262, 177 S.W.2d 198 (1944):

"When a public official or a public body is given by law the right to institute a suit in behalf of the state or a county or a municipality, a determination of whether or not such suit shall be instituted involves the exercise of discretion and, *in the absence of bad faith in the exercise thereof,* a taxpaying citizen cannot institute such suit." (Emphasis supplied). 177 S.W.2d at 201.

Appellants argue that their petition clearly alleges bad faith on the part of the City and that, under the holding in *Osborne,* a taxpaying citizen has standing to institute suit to recover public money illegally spent when bad faith is alleged.

Appellants' reliance on *Osborne* is misplaced. In *Osborne,* the suit brought by the taxpayer was not one to recover money already illegally expended, but rather was an injunction proceeding to prevent payment of funds under an alleged illegal contract. As will be discussed later, the rules with regard to standing to sue are different in a suit to restrain the illegal expenditures of funds not yet expended. For this reason, the holding in the *Osborne* case is not applicable in a situation where, as here, a taxpayer seeks to recover funds which have already been illegally expended. We have found no Texas case permitting a taxpayer to bring suit to recover funds already illegally expended, irrespective of the fact that the municipality may have acted in bad faith in refusing to make an effort to recover the funds. See *First National Bank of Bellaire v. Prudential Ins. Co. of America,* supra.

■ We turn now to that portion of plaintiffs' pleading seeking injunctive relief from payments by the City to the Chamber of Commerce in the future. Plaintiffs alleged that at a City Council meeting on September 29, 1976, the City entered into an illegal agreement with the Chamber of Commerce whereby the Chamber of Commerce would receive in the future payments from the City in the amount of $40,000.00 per year. They further alleged that this expenditure, as well as the probable future expenditures of annual dues to the Chamber of Commerce, would be illegal as violations of the above enumerated constitutional provisions. Consequently, they assert that the trial court erred in sustaining the appellees' plea in bar. They insist that they are entitled to a hearing on their application for a permanent injunction to enjoin the City from making such future expenditures to the Chamber of Commerce.

The authorities make a distinction between suits by a taxpayer to recover public funds already illegally expended and suits to restrain the illegal expenditure of public funds. While the courts of this state hold that a taxpayer has no justiciable interest or standing to sue to recover public funds already expended, our courts have held that a taxpayer has a justiciable interest sufficient to give him standing in a suit to enjoin the expenditure of public funds not yet expended under an agreement in violation of the Constitution or otherwise illegal. *Calvert v. Hull,* 475 S.W.2d 907 (Tex.1972); *Osborne v. Keith,* supra; *Hoffman v. Davis,* supra; *Terrell v. Middleton,* 187 S.W. 367 (Tex.Civ.App.—San Antonio 1916), writ ref'd per curiam 108 Tex. 14, 191 S.W. 1138, reh. den. 108 Tex. 14, 193 S.W. 139 (1917); *City of Austin v. McCall,* 95 Tex. 565, 68 S.W. 791 (1902); *First Nat. Bank of Bellaire v. Prudential Ins. Co. of America,* supra, 551 S.W.2d at 113.

■ Consequently, we hold that the portion of plaintiffs' petition seeking to enjoin the City from making donations or paying membership dues to the Chamber of Commerce clearly shows that the plaintiffs had a justiciable interest sufficient to give them standing to sue for injunctive relief. Since plaintiffs alleged a cause of action for injunctive relief, the trial court erred in sustaining defendants' dilatory pleas without a trial on the merits.

We cannot agree with appellees' argument that plaintiffs had no justiciable interest sufficient to give them standing to seek injunctive relief in that their pleading failed to show an injury peculiar to them-

selves and alleged only a public as opposed to a private right. The cases cited by the appellees find no application to the facts presented here since they either do not involve an injunction proceeding, e. g., *Marshall v. City of Lubbock*, 446 S.W.2d 740 (Tex.Civ.App.—Amarillo 1969, no writ), or do not involve the illegal expenditure of public funds, e. g., *City of San Antonio v. Strumburg*, 70 Tex. 366, 7 S.W. 754 (1888); *City of West Lake Hills v. State ex rel. City of Austin*, 466 S.W.2d 722 (Tex.1971); *San Antonio Conservation Society v. City of San Antonio*, 250 S.W.2d 259 (Tex.Civ.App.—Austin 1952, writ ref'd); *Tri County Citizens Rights Organization v. Johnson*, 498 S.W.2d 227 (Tex.Civ.App.—Austin 1973, writ ref'd n. r. e.). The argument advocated by appellees does not apply to a suit by a taxpayer to enjoin the illegal expenditure of public funds raised by taxation. See *Hoffman v. Davis*, supra, 100 S.W.2d at 96; *Franks v. Welch*, 389 S.W.2d 142, 146 (Tex. Civ.App.—Houston 1965, writ ref'd n. r. e.).

Accordingly, we hold that the trial court erred in dismissing plaintiffs' cause of action for injunctive relief, and the judgment must be reversed and remanded for trial on the merits on such cause of action for a permanent injunction. In all other respects the judgment is affirmed.

Affirmed in part, reversed and remanded in part.