Honorable Steven D. Wolens Chairman Business and Commerce Committee Texas House of Representatives P.O. Box 2910 Austin, Texas 78768-2910
Re: Whether a chamber of commerce is a "charitable organization" within the Charitable Immunity and Liability Act of 1987, Civil Practice and Remedies Code chapter 84 (RQ-2054)
Dear Representative Wolens:
 You request advice about the Charitable Immunity and Liability Act of 1987, codified as chapter 84 of the Civil Practice and Remedies Code. You specifically inquire whether a chamber of commerce is a "charitable organization" as defined by that statute.
 The Charitable Immunity and Liability Act of 1987 [hereinafter the act] was adopted to reduce the liability exposure and insurance costs of charitable organizations "in order to encourage volunteer services and maximize the resources devoted to delivering these services." Civ.Prac. Rem. Code § 84.002(7).[1] With certain exceptions, a volunteer serving as an officer, director, or trustee of a charitable organization is granted immunity from civil liability for "any act or omission resulting in death, damage, or injury" done in the course and scope of his duties. Id. § 84.004(a); see id. §§ 84.004(c), 84.007 (exceptions). A similar immunity is granted to a person serving as a direct service volunteer of a charitable organization if he acts in good faith and in the course and scope of his duties or functions within the organization. Id. § 84.004(b). The liability of employees and of the organization itself is limited to money damages in a maximum amount set out in the statute. Id. §§ 8.005-84.006. These limitations on liability are available only to a charitable organization that carries liability insurance in the amounts required by the statute. Id. § 84.007(g).
The definition of "charitable organization" is given in section 84.003 of the act:
(1) `Charitable organization' means:
 (A) any organization exempt from federal income tax under Section 501(a) of the Internal Revenue Code of 1986 by being listed as an exempt organization in Section 501(c)(3) or 501(c)(4) of the code, if [enumeration of additional conditions that must be met];
 (B) any bona fide charitable, religious, prevention of cruelty to children or animals, youth sports and youth recreational, or educational organization, excluding alumni associations and related on-campus organizations, or other organization organized and operated exclusively for the promotion of social welfare by being primarily engaged in promoting the common good and general welfare of the people in a community, and that:
 (i) is organized and operated exclusively for one or more of the above purposes;
 (ii) does not engage in activities which in themselves are not in furtherance of the purpose or purposes;
 (iii) does not directly or indirectly participate or intervene in any political campaign on behalf of or in opposition to any candidate for public office;
 (iv) dedicates its assets to achieving the stated purpose or purposes of the organization;
 (v) does not allow any part of its net assets on dissolution of the organization to inure to the benefit of any group, shareholder, or individual; and
 (vi) normally receives more than one-third of its support in any year from private or public gifts, grants, contributions, or membership fees; or
 (C) a homeowners association as defined by Section 528(c) of the Internal Revenue Code of 1986.
Civ.Prac. Rem. Code § 84.003(1) (emphasis added, footnotes deleted).
A chamber of commerce is not a homeowners association within section 84.003(1)(C). Nor does it fit the definition of charitable organization within section 84.003(1)(A). Although a chamber of commerce does have an exemption from federal income tax, it is not exempt under section 501(c)(3) or 501(c)(4), but under section 501(c)(6) of the Internal Revenue Code, which designates the following entities as exempt organizations:
 (6) Business leagues, chambers of commerce, real-estate boards, boards of trade, or professional football leagues . . . not organized for profit and no part of the net earnings of which inures to the benefit of any private shareholder or individual.
I.R.C. § 501(c)(6) (emphasis added).
Section 84.003(1)(B) describes organizations that are organized and operated for one or more stated purposes. An organization must fit within this description and comply with the conditions set out in subsection (B)(i) through (B)(vi) to qualify as a "charitable organization" under this provision. Thus, as a threshold issue, we must identify the purpose of a chamber of commerce and determine whether it is one of the purposes described in subsection 84.003(1)(B).
The decision that a particular entity is a "charitable organization" within the act ordinarily involves the investigation and resolution of fact questions, which cannot be undertaken in the opinion process. See Attorney General OpinionJM-951 (1988) (whether a public broadcasting station is a charitable organization within section 84.003(1)(B) is a question of fact). However, in the present case, we may rely on judicial and administrative determinations about the purpose of a chamber of commerce in deciding whether it is a charitable organization.
The federal regulation construing the tax exemption granted by section 501(c)(6) of the Internal Revenue Code describes the activities of a chamber of commerce as "directed to the improvement of business conditions of one or more lines of business as distinguished from the performance of particular services for individual p rsons." 26 C.F.R. § 1.501(c)(6)-1
(regulation defining "business league" by analogy to chamber of commerce). A chamber of commerce promotes the general economic welfare within a geographically defined area. National Muffler Dealers Ass'n v. United States, 565 F.2d 845 (2d Cir. 1977), aff'd, 440 U.S. 472 (1979) (discussing Treas.Reg. § 1.501(c)(6)-1).
Prior opinions of this office and at least one Texas court have also considered the purposes of a chamber of commerce. See Kordus v. City of Garland, 561 S.W.2d 260 (Tex.Civ.App.-Tyler 1978, writ ref'd n.r.e.); Attorney General Opinions JM-1199 (1990); JM-516
(1986); H-397 (1974); see also Attorney General Opinions C-76 (1963); WW-106 (1957) (application of franchise tax exemption to chamber of commerce). Most of these decisions address the question of whether a municipal government may donate money to a chamber of commerce, but their descriptions of the purpose of such entities are helpful in addressing the question before us.
Attorney General Opinion H-397 (1974) held that a county could not become a dues-paying member of a chamber of commerce operated by a private corporation. The county attorney who requested the opinion advised that the purposes of the Beeville and Bee County Chamber of Commerce included "promoting industrial development in the county, the development of downtown Beeville, and the promotion of the county-owned stadium." Id. at 1. It also supported other measures beneficial to its commercial members. The opinion determined that the payment of dues would be a donation of public funds to a private entity in violation of article XI, section 3, of the Texas Constitution. It was "an attempt to secure for the community and its citizens by subscription general benefits resulting from encouragement of private industry and business." Id. at 2.
Attorney General Opinion H-397 was cited in Kordus v. City of Garland, a suit by taxpayers of the city to recover money the city had donated to the Garland Chamber of Commerce and to enjoin future payments. The court agreed with the opinion that the Texas Constitution prohibited donations and expenditures of this nature. See also Attorney General Opinion JM-1199 (1990) (festivals held by chamber of commerce and similar organizations to promote local products and businesses).
The purpose of a chamber of commerce can be summarized as the promotion of the general economic welfare of an area through activities that advertise its products and industries and encourage private industry and business. Our question is whether an organization with this purpose is included in the following definition of"charitable organization":
 (B) any bona fide charitable, religious, prevention of cruelty to children or animals, youth sports and youth recreational, or educational organization . . . or other organization organized and operated exclusively for the promotion of social welfare by being primarily engaged in promoting the common good and general welfare of the people in a community.
Civ.Prac. Rem. Code § 84.003(1)(B) (emphasis added).
A chamber of commerce is not any of the special purpose entities listed at the beginning of the provision. The remainder of the provision, underlined in the quotation, encompasses organizations that promote the social welfare by promoting "the common good and general welfare of the people in a community." This statement of charitable purpose is so broad that it is difficult to apply in isolation from the rest of the statute. However, it can be given further definition by reference to the legislature's statement of findings and purposes, which provides in part:
 (1) robust, active, bona fide, and well-supported charitable organizations are needed within Texas to perform essential and needed services;
 (2) the willingness of volunteers to offer their services to these organizations is deterred by the perception of personal liability arising out of the services rendered to these organizations;
. . . .
 (5) these problems combine to diminish the services being provided to Texas and local communities because of higher costs and fewer programs;
 (6) the citizens of this state have an overriding interest in the continued and increased delivery of these services that must be balanced with other policy considerations.
Civ.Prac. Rem. Code § 84.002 (emphasis added).
This statement of purpose indicates that the legislature was concerned about the delivery of needed services to citizens. In resolving the question before us, we will not attempt to determine the full range of activities that might be performed by organizations that are "organized and operated exclusively for the promotion of social welfare by . . . promoting the common good and general welfare of the people in a community." Nonetheless, we believe that the legislature had in mind an organization that provides services to individuals who are in need of them. It did not intend to include an entity that promotes the general economic welfare of an area in expectation of some benefit to some residents in the indefinite future, but does not provide tangible assistance to specific individuals in the present.[2] We conclude that the purposes of a chamber of commerce are not the purposes of "charitable organization" as defined by section 84.003(1)(B) of the Civil Practice and Remedies Code. The Charitable Immunity and Liability Act of 1987 does not apply to a chamber of commerce.
 SUMMARY
The Charitable Immunity and Liability Act of 1987, codified as chapter 84 of the Civil Practice and Remedies Code, does not apply to a chamber of commerce.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Renea Hicks Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Susan Garrison Assistant Attorney General
[1] The Supreme Court of Texas gave notice in Watkins v. Southcrest Baptist Church, 399 S.W.2d 530 (Tex. 1966), that the doctrine of charitable immunity would be reconsidered and might be abrogated. In Howle v. Camp Amon Carter, 470 S.W.2d 629 (Tex. 1971), the court held that this doctrine was completely abrogated as to causes of action arising from events occurring after the motion for rehearing in Watkins was overruled on March 9, 1966.
[2] Courts of other states have determined that a chamber of commerce was not a charitable institution within particular statutes. See Boston Chamber of Commerce v. Assessors of Boston,54 N.E.2d 199 (Mass. 1944) (not a charitable institution within tax exemption); Chamber of Commerce of North Kansas City v. Unemployment Compensation Commission, 201 S.W.2d 771 (Mo. 1947) (not a charitable institution within exemption from unemployment compensation law).