

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

July 16, 1996

The Honorable David Counts
Chair
Committee on Natural Resources
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-402

Re: Whether the Charitable Immunity and Liability Act of 1987, Civil Practices and Remedies Code chapter 84, applies to a resource conservation and development council established under 16 U.S.C. chapter 54, subchapter V   (RQ-881)

Dear Representative Counts:

The Charitable Immunity and Liability Act of 1987 (the act)[1] generally deems a charitable organization's officers and volunteers immune from civil liability for actions taken in the scope of official or volunteer duties. A charitable organization includes a nonprofit, tax-exempt organization that exclusively performs charitable services or promotes social welfare. A resource conservation and development council, which some rural communities have created under federal law, must devise a plan to conserve land, develop natural resources, and enhance area living conditions. You ask whether a resource conservation and development council is a charitable organization under the act.

You state that a resource conservation and development council "invariably" is a nonprofit organization that is exempt from federal taxes under section 501(c)(3) of the Internal Revenue Code of 1986.[2] You also indicate that a rural community creates a resource conservation and development council to provide resource conservation facilities and services. Indeed, under the relevant federal law, 16 U.S.C. chapter 54, subchapter V, a rural resource conservation and development council is eligible for federal funds only if it conceives and implements an area plan to "to conserve and improve the use of land, develop natural resources, and improve and enhance the social, economic, and environmental conditions in rural areas of the United States."[3] An area plan must include at least one or more of four elements:

> (A) a land conservation element, the purpose of which shall be
> to control erosion and sedimentation;

---

[1]Civ. Prac. & Rem. Code ch. 84.

[2]26 U.S.C.

[3]16 U.S.C. § 3453; *see also id.* § 3456(a)(2).

(B) a water management element, the purpose of which shall be to provide for the conservation, utilization, and quality of water . . . ;

(C) a community development element, the purpose of which shall be the development of natural resources based industries, protection of rural industries from natural resource hazards, development of aquaculture, development of adequate rural water and waste disposal systems, improvement of recreation facilities, improvement in the quality of rural housing, provision of adequate health and education facilities, and satisfaction of essential transportation and communication needs; or

(D) other elements, the purpose of which may include energy conservation or protection of agricultural land, as appropriate, from conversion to other uses, or protection of fish and wildlife habitats.[4] [Footnote added.]

We consider first whether a resource conservation and development council is a charitable organization for purposes of the act. If a council is a charitable organization, a council officer, director, or trustee generally is immune from civil liability for any act or omission, done in the scope of the officer's duties, that results in death, damage, or injury.[5] The act grants a similar immunity to any direct service volunteer of a charitable organization if the volunteer acts in good faith and in the course and scope of his or her duties or functions within the organization.[6]

An organization's status as charitable under the act depends largely upon the purpose the organization serves. For example, a nonprofit corporation exempt from federal income tax and listed as exempt under 26 U.S.C. § 501(c)(3) is a charitable organization if it is organized and operated exclusively "for charitable, religious, prevention of cruelty to children or animals, youth sports and youth recreational, or educational purposes, . . . , or is organized and operated exclusively for the promotion of social welfare by being primarily engaged in promoting the common good and general welfare of the people in a community."[7] Of the listed purposes, we believe a resource

---

[4]Id. § 3452(1).

[5]Civ. Prac. & Rem. Code § 84.004(a); see also id. §§ 84.004(c), .007 (exceptions). See generally Attorney General Opinion JM-1257 (1990) at 1-2.

[6]Civ. Prac. & Rem. Code § 84.004(b). The act limits employee and organizational liability to money damages in a maximum amount. Id. §§ 84.004 - .006. These limitations on liability are available only to a charitable organization that carries liability insurance in specified amounts. Id. § 84.007(g).

[7]Id. § 84.003(1)(A). A charitable organization also includes a homeowners association, as defined by 26 U.S.C. § 528(c), and an organization, not exempt from federal income tax or listed as exempt under 26 U.S.C. § 501(c)(3), (4), that serves bona fide charitable, religious, or educational purposes; that seeks to prevent cruelty to children or animals or to promote youth sports or youth recreation; or that operates exclusively to promote social welfare by promoting the common good and

conservation and development council is most likely to serve charitable purposes or to promote social welfare.

The act does not define "charitable purposes" or "the promotion of social welfare." Section 2(2)(B) of the Charitable Raffle Enabling Act,[8] however, defines "charitable purpose" as "initiating, performing, or fostering worthy public works in this state." The legislature's definition of a term in one act does not necessarily dictate the term's meaning in another act.[9] Nevertheless, this office has stated that article 179f's definition of charitable purpose "closely tracks" the definition courts use in discussing the establishment of charitable trusts.[10] Accordingly, we believe the definition of the term "charitable purpose[]" in article 179f, section 2(a)(2) is helpful in defining the same term in the context of the act.

Additionally, we find a definition of the promotion of social welfare in a prior opinion of this office, Attorney General Opinion JM-1257.[11] That opinion considers whether a chamber of commerce is a charitable organization for purposes of the act.[12] Generally, the opinion notes, to decide whether a particular organization is charitable under the act requires investigating and resolving fact questions, which this office cannot undertake.[13]

In that opinion, however, this office believed it could rely upon numerous judicial and administrative discussions of a chamber of commerce's purpose to determine whether a chamber of commerce is a charitable organization under the act.[14] Thus, upon reviewing relevant precedent, the opinion stated that a chamber of commerce exists to promote the area's general economic welfare through activities that advertise the area's products and

---

(footnote continued)

public welfare. *Id.* § 84.003(1)(B), (C). Because we believe the issue you raise may be resolved under section 84.003(1)(A) of the Civil Practices and Remedies Code, we do not discuss subsections (1)(B) and (C).

[8] V.T.C.S. art. 179f.

[9] 67 TEX. JUR. 3D *Statutes* § 106, at 684 (1989).

[10] Attorney General Opinion JM-1180 (1990) at 2 (and sources cited therein); *see also* BLACK'S LAW DICTIONARY 213 (5th ed. 1979).

[11] Attorney General Opinion JM-1257 (1990) at 5.

[12] *Id.* at 1.

[13] *Id.*

[14] *Id.*

industries and encourage private industry and business.[15]    An organization with this purpose is charitable under the act only if the organization is "'organized and operated exclusively'" to promote social welfare by primarily promoting the common good and general welfare of the people in a community.[16]

Without delineating "the full range of activities that might be performed by organizations that are 'organized and operated exclusively for the promotion of social welfare by . . . promoting the common good and general welfare of the people in a community,'" the opinion concludes that an organization that exclusively promotes social welfare is one "that provides services to individuals who are in need of them."[17]    A chamber of commerce, the purpose of which is not to provide services to individuals who are in need of them, is outside the act's definition of charitable organization.[18]

We now must apply the statutory purposes of a resource conservation and development council to our discussion of charitable purpose and the promotion of social welfare.    We believe a resource conservation and development council may serve a charitable purpose and therefore may fit within the definition of charitable organization in section 84.003(1)(A) because a council may initiate, perform, or foster public works in the state.[19]    For example, a council may construct dams and reservoirs, develop rural water and waste disposal systems, improve recreation facilities, provide health and education facilities, and satisfy transportation and communication needs.    Of course, whether a particular resource conservation and development council exclusively serves a charitable purpose is a question of fact that is inappropriate to the opinion process.[20]

We believe a resource conservation and development council also may be organized and operated exclusively to promote social welfare by providing services to individuals who are in need of them.[21]    For example, a resource conservation and

---

[15]*Id.* at 5; *see* 26 C.F.R. § 1.501(c)(6)-1; *National Muffler Dealers Ass'n v. United States*, 565 F.2d 845 (2d Cir. 1977), *aff'd*, 440 U.S. 472 (1979); *Kordus v. City of Garland*, 561 S.W.2d 260 (Tex. Civ. App.--Tyler 1978, writ ref'd n.r.e.); Attorney General Opinions JM-1199 (1990), JM-516 (1986), H-397 (1974).

[16]Attorney General Opinion JM-1257 (1990) at 5 (quoting Civ. Prac. & Rem. Code § 84.003(1)(B)).

[17]*Id.* at 6.

[18]*Id.* at 6-7.

[19]Whether a particular public works project is "worthy," *see* V.T.C.S. art. 179f, § 2(a)(2)(B), is a question of fact that is inappropriate to the opinion process. *See, e.g.*, Attorney General Opinions DM-98 (1992) at 3, H-56 (1973) at 3, M-187 (1968) at 3, O-2911 (1940) at 2.

[20]*See, e.g.*, Attorney General Opinions DM-98 (1992) at 3, H-56 (1973) at 3, M-187 (1968) at 3, O-2911 (1940) at 2.

[21]*See* Attorney General Opinion JM-1257 (1990) at 6.

development council may be involved in controlling erosion from agricultural land, improving the quality of rural housing, providing adequate health and education facilities, and satisfying essential transportation and communication needs, among other things. Whether, of course, a particular resource conservation and development council exclusively serves the purpose of promoting social welfare is a fact question that is inappropriate to the opinion process.[22]

Likewise, whether a particular resource conservation and development council exclusively serves any of the other purposes that a charitable organization may serve, for example, educational purposes, is a question of fact.

### S U M M A R Y

The purposes of a resource conservation and development council, established pursuant to 16 U.S.C. chapter 54, subchapter V, may be consistent with the purposes a charitable organization must serve under Civil Practice and Remedies Code section 84.003(1)(A). Whether, however, a particular resource conservation and development council, established pursuant to 16 U.S.C. chapter 54, subchapter V, is a charitable organization for purposes of chapter 84 of the Civil Practices and Remedies Code is a question of fact.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General

---

[22]*See, e.g.,* Attorney General Opinions DM-98 (1992) at 3, H-56 (1973) at 3, M-187 (1968) at 3, O-2911 (1940) at 2.