## P. L. OSBORNE v. R. M. KEITH ET AL.

No. 8184. Decided January 5, 1944.
Rehearing overruled February 16, 1944.
(177 S. W., 2d Series, 198.)

*Smith, Smith & Boyd,* of Beaumont, and *Rutan & Phares,* of Port Arthur, for petitioner.

The Court of Civil Appeals erred in holding that plaintiff Keith had a right to prosecute this suit, and in holding that any profit given to defendant Osborne under his contract with the county was an unlawful expenditure of county funds. It was also error for the court to instruct the jury to return a verdict for plaintiff. Harper v. Thompson, 280 S. W. 861; Gray-

son County v. Harrell, 202 S. W. 160; Raper v. Parmenter, 1 S. W. (2d) 343.

Shivers & Keith and Quentin Keith, of Port Arthur, for respondent, Keith.

Shelby K. Long, County Attorney, of Beaumont, for Jefferson County.

MR. JUDGE HICKMAN, of the Commission of Appeals delivered the opinion for the Court.

The principal parties hereto are before this court in the capacities of both petitioners and respondents and to prevent confusion we shall refer to them as plaintiff and defendants. The plaintiff is R. M. Keith and the defendants are P. L. Osborne, right-of-way agent for Jefferson County, the County Judge, County Commissioners and other officers of said county. Plaintiff brought this suit as a resident taxpaying citizen of Jefferson County for himself and for all other resident taxpaying citizens of that county similarly situated. The relief sought was an injunction to prevent the payment under a contract by the county to Osborne for certain material theretofore purchased from Osborne for use in constructing shoulders of a paved highway. In his petition he also prayed that the legal and equitable title to the tract of land from which the source material for the construction of the shoulders was obtained, be adjudged in Jefferson County. In the trial court he was granted the relief prayed for, but that court's judgment was reversed by the Court of Civil Appeals and the cause remanded with instructions. 173 S. W. (2d) 954.

The defendant, Osborne, denied the charges of bad faith on his part, but since we have determined that judgment should be rendered against the plaintiff we accept as true the facts testified to in support of his theory of recovery and consider them from his viewpoint.

Thus viewed, the essential facts are: At the time of the transactions involved in this suit and for some time prior thereto, Osborne was right-of-way agent for Jefferson County. The State Highway Department determined to extend a spur of a highway adjacent to a defense plant and requested Jefferson County to provide, at its expense, source material for the embankment and shoulders of the proposed extension. Osborne learned these facts. He had theretofore carried on some negotiations for the purchase of a tract of land consisting of 16.67 acres in the vicinity of the

proposed extension, but nothing had come of his negotiations. After learning the facts above mentioned and for the purpose of trying to make some money out of the project for himself personally, he renewed the negotiations and succeeded in purchasing the 16.67 acre tract believing at that time that it contained source material suitable for use in constructing the shoulders of that highway. At the time he purchased same he planned to offer to sell to the county the right to take the source materials from the land and hoped to be able to do so. After he procured a deed he showed the land to an engineer employed by the State Highway Department and after inspecting it the engineer recommended to the Commissioners' Court of Jefferson County that the material be procured from a designated seven acres of the 16.67 acre tract. Thereafter, the Commissioners' Court, in regular session entered an order contracting with Osborne to pay him for such source material at the rate of twenty cents per cubic yard, which was the price recommended by the Highway Department as being the prevailing price for such material. On the same day Osborne executed and delivered to the State of Texas an instrument referred to as a right-of-way easement in which it was provided that the State might secure source material from a certain seven acres of the larger tract in an amount of not less than 40,000 cubic yards and not in excess of 55,000 cubic yards. By the contract Jefferson County obligated itself to pay Osborne a sum of money not less than $8,000.00 and not more than $11,000.00 for the easement. Osborne paid the owners $2,500.00 for the 16.67 acres and in addition paid the real estate broker's commission. The essential fact is that while acting as right-of-way agent for the county Osborne purchased the 16.67 acre tract and thereafter sold to his employer an easement to take material from seven acres thereof at a price far in excess of the purchase price for the entire tract.

Osborne owed to the county a very high degree of loyalty and good faith and his manner of evidencing his loyalty and exercising his good faith will not be defended in this opinion. Notwithstanding that, we have concluded that plaintiff can not maintain this suit and our opinion will be limited to a discussion of that one question.

■ This court recognizes the right of a taxpaying citizen to maintain an action in a court of equity to enjoin public officials from expending public funds under a contract that is void or illegal. Looscan v. County of Harris, 58 Texas 511; City of Austin v. McCall, 95 Texas 565, 68 S. W. 791; Terrell v. Mid-

dleton (Civ. App.) 187 S. W. 367 (error refused 108 Texas 14, 191 S. W. 1138, 193 S. W. 139) ; Hoffman v. Davis, 128 Texas 503, 100 S. W. (2d) 94. The vigliance of a citizen who takes upon himself that burden in the interest of good government is to be commended. However, the procedure is generally recognized as being drastic and, in order to be authorized to maintain such an action, a citizen must bring himself strictly within the established rules. Governments cannot operate if every citizen who concludes that a public official has abused his discretion is granted the right to come into court and bring such official's public acts under judicial review. The right, therefore, of a citizen to maintain such an action is strictly limited to cases of illegality of the proposed expenditure and does not extend to cases of unwise or indiscreet expenditures. The contract upon which it is proposed to pay out public funds must be illegal and not merely voidable at the option of the public official entrusted with authority in the premises. Spears v. City of South Houston, 136 Texas 218, 150 S. W. (2d) 74; Bexar County v. Hatley, 136 Texas 354, 150 S. W. ( 2d) 980; Mayer v. Kostes, 71 S. W. (2d) 398, (writ refused) ; Glimpse v. Bexar County, 160 S. W. (2d) 996, (writ refused).

It is disclosed by the record that when the Commissioners' Court of Jefferson County was notified by the State Highway Department that the latter had selected seven acres of Osborne's land as a suitable tract from which to obtain the source material, inquiry was made of the engineer representing said department as to the price being paid for such material in that vicinity and the court was advised by such engineer that such prevailing price was twenty cents per cubic yard pit measurement. With knowledge of the fact that this tract belonged to Osborne the court entered into the contract under review.

Upon the trial of the case certain evidence was offered in behalf of the defendants touching on the good faith of the Commissioners' Court in entering into the contract, to the introduction of which plaintiff's attorney objected. In connection with such objection he stated in open court that he was not charging that the Commissioners' Court acted in bad faith. To quote a portion of his language: "Let the record so show, that in the pleadings and issues here the Commissioners' Court is not charged with acting in bad faith." Thereupon the court sustained the objection.

It is further disclosed that at another time in the course of the trial defendants' counsel asked plaintiff while he was testi-

fying as a witness whether or not *forty cents* was a high price to pay for dirt. Thereupon plaintiff's counsel stated to the court that he objected to "anything concerning the price of dirt, because it was wholly immaterial to any issue involved in this suit." In that connection he stated to the court that plaintiff had not alleged that the price sought to be charged by Osborne was exhorbitant, nor that the county had been overreached. Counsel stated that there was no dispute concerning the price involved in the case. Upon that statement the objection was sustained.

Plaintiff's position in the case is, therefore, that, although the Commissioners' Court acted in good faith and was not overreached by Osborne, and although the price paid for the material was no more than the prevailing price in that vicinity, still the contract was illegal and subject to attack in the district court by a citizen. The Commissioners' Court has not joined in the suit. The members thereof were made parties defendant and filed an answer consisting of a general denial in the case. So far as this record discloses, the court is still of the opinion that it should pay for the material at the contract price and, with all of the knowledge of the facts which has come to the members of the court in connection with the prosecution of this suit, if, in fact, they did not have full knowledge of all of the facts at the time the contract was entered into, the court does not seek to avoid the contract.

■ A contract between a principal and his agent wherein the latter unjustly enriches himself is not void, nor is it made illegal by statute. Such contract is voidable at the election of the principal who enters into it without full knowledge of all of the facts, but no reason is perceived why it could ever be held to be void if a principal, with knowledge of the facts, desires to enter into it, or who, after learning all of the facts, elects to confirm or ratify it. Trippett v. Nash McLarty Motor Co., 269 S. W. 205; 2 Tex. Jur. 594; 2 Am. Jur., Agency, Sec. 255.

■ The Commissioners' Court was clothed with authority to procure this material for the construction of the shoulders of the highway. It had power to procure the material in the exercise of its right of eminent domain by a condemnation proceeding. Art. 6729, Vernon's Civil Statutes. It also had the power to procure it by private contract. The fact that the land belonged to its agent did not confer upon the county the right to take it without compensating him. In determining whether it would procure the easement by contract or by condemnation proceed-

ings the Commissioners' Court necessarily exercised discretion. When a public official or a public body is given by law the right to institute a suit in behalf of the state or a county or a municipality, a determination of whether or not such suit shall be instituted involves the exercise of discretion and, in the absence of bad faith in the exercise thereof, a taxpaying citizen cannot institute such suit. Looscan v. County of Harris, 58 Texas 511; Lewright v. Bell, 94 Texas 556, 63 S. W. 623; Lewright v. Love, Comptroller, 95 Texas 157 S. W. 1089; Hoffman v. Davis, 128 Texas 503, 100 S. W. (2d) 94.

The Court of Civil Appeals correctly held that the effect of the judgment of the trial court was to divest Osborne of title to his land without compensation, and place the title thereto in the county. In remanding the case for a new trial that court outlined the procedure to be followed in determining the amount which the county should pay Osborne. It was directed that the county pay the cost to him of the portion of the property taken, and to quote from the opinion, "Such costs may be ascertained by equitable proration of the total cost of the land between the value of the right-of-way and source material so taken by the county and the value of the land left to appellant after they are taken, all values to be determined as of the date appellant purchased." The effect of this ruling, as we construe it, is to set up a condemnation proceeding in the district court for the purpose of determining the amount which should be paid to Osborne, and to prescribe a rule for measuring his damages different from that employed in ordinary condemnation proceedings. It is our opinion that, under the admitted facts of this case, a citizen, as such, is not authorized to institute such an action, and neither is the district court clothed with authority to hear it.

The judgments of the lower courts are both reversed and judgment is here rendered that plaintiff take nothing by his suit.

Opinion adopted by the Supreme Court January 5, 1944.

Rehearing overruled February 16, 1944.