James G. MARSHALL, Appellant,

v.

CITY OF LUBBOCK, a Municipal Corporation, et al., Appellees.

No. 7971.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 29, 1969.

R. J. Balch, Seymour, for appellant.

Nelson, McCleskey & Harriger, Geo. W. McCleskey and Teddy L. Hartley, Fred O. Senter, Jr., City Atty., and Kenneth Jones, Ass't. City Atty., Lubbock, for appellees.

DENTON, Chief Justice.

This suit was brought by James G. Marshall as a taxpayer, and in behalf of all property owners, against the City of Lubbock and the Lubbock Industrial Foundation, to have a lease and sales option contract between the city and the foundation declared null and void. The trial court granted the defendants' motion for summary judgment and dismissed the action on the ground that plaintiff had no justiciable interest which would justify his prosecution of the suit.

The City of Lubbock was the owner in fee simple, except for certain mineral reservations, of the three contiguous parcels of unimproved land in the City of

Lubbock. On June 13, 1968, the city, through its city council, and the Lubbock Industrial Foundation, a Texas non-profit corporation, entered into a "Lease and Sales Option Contract," According to the terms of this contract: "It is especially understood and hereby stipulated that this lease agreement with the option to purchase as herein set forth, is and has been entered into for the primary purpose of inducing the location of manufacturing, industrial and business establishments." The city leased the land to the foundation for a period of fifty years and granted the foundation an option to purchase the described land or any part of it at the prescribed price of $495.00 per acre. Lessee was to pay an annual rental of $1,000.00 or an amount equal to the agricultural income from the land, whichever is the larger. The city received other considerations such as all minerals were reserved; the reservations of all water rights in connection therewith; an aviation easement; restrictions prohibiting land speculation in the event of the resale or lease to industrial purchasers; and a prohibition against the assignment of the contract to any entity not constituted similar to the Lubbock Industrial Foundation.

Appellant does not take a position that the City did not have the power and right to sell the land; but contends the sale was invalid and unenforcible. By pleadings and appellant's own affidavit, it is contended the sale increased the tax burden on appellant's property; inadequate consideration was received by the city because the sale price was below the reasonable market value; the sale would result in a reduction of the city water supply; and the sale would create a competitive monopoly. The argument is the record presents material issues of fact as to these enumerated contentions. In view of our holding, it is not necessary to discuss appellant's contentions with respect to the validity of the contract, since the primary question before us is whether the trial court erred in granting summary judgment on the ground appellant did not have as a matter of law a justi-

ciable interest which would justify his prosecution of this case.

It has been a long established general rule in this state that "no action lies to restrain an interference with a mere public right, at the suit of an individual who has not suffered or is not threatened with some damage peculiar to himself." City of San Antonio v. Stumburg, 70 Tex. 366, 7 S.W. 754. This rule has been consistently followed. Scott v. Board of Adjustment et al., 405 S.W.2d 55 (Tex.); Wallace W. Franks et al. v. Louie Welch et al., (Tex. Civ.App.) 389 S.W.2d 142 (Ref. N. R. E.). San Antonio Conservation Society v. City of San Antonio (Tex.Civ.App.) 250 S.W.2d 259 (Writ. Ref.); Osborne v. Keith et al., 142 Tex. 262, 177 S.W.2d 198. This has been the rule unless such authority to sue is given by statute. Scott v. Board of Adjustment (supra); Wantland et al. v. Anderson et al., (Tex.Civ.App.) 203 S.W. 2d 787 (Ref. N. R. E.). Appellant makes no contention his authority to bring this suit is given by statute or charter of the City of Lubbock.

■ Appellant alleges no damage or threat of damage peculiar to himself. The threatened increase tax burden; reduction of a portion of the city's water supply; the creation of a competitive monopoly; and the inadequate sales price of the land are injuries, if any, common to all citizens of Lubbock and not peculiar to appellant. In our opinion appellant has not shown any justiciable interest which would permit him to prosecute this case to declare the contract in question null and void.

■ Appellant challenges the sufficiency of the affidavit of John Brooks, assistant Assessor-Collector for the City of Lubbock, in support of appellee's motion for summary judgment. The argument is that Brook's statement that the execution and performance of the contract in question will not increase ad valorem taxes is inadmissible as a conclusion and opinion of the affiant, and that appellees are then left without an affidavit to support their mo-

tion for summary judgment. The statement does constitute a conclusion and opinion, but this does not constitute a reversible error. The appellees' pleadings are sufficient to support its motion for summary judgment. There is no requirement that motions for summary judgment be supported by affidavit Rule 166–A (Texas Rules of Civil Procedure).

 Appellant next asserts error in granting the summary judgment because he was never given an opportunity to amend his pleadings. He says appellee excepted to his pleadings, particularly concerning appellant's justiciable interest in the subject matter of this suit, and it was error to grant a summary judgment before acting on these exceptions. Appellant cites Wilson v. Mitchell (Tex.Civ.App.) 299 S.W.2d 406 (N.W.H.) in support of this contention. Judge Dixon, the author of the opinion in the Wilson case, recently had this to say about the Wilson case in Griffin v. H. L. Peterson (Tex.Civ.App.) 427 S.W.2d 140:

> "If our language in the Wilson case be interpreted to mean that it is always reversible error to render summary judgment before exceptions to pleadings are acted on, then we say now we were mistaken in so holding. Swinford v. Allied Finance Co. of Casa View, 424 S.W.2d 298, 301 (Tex.Civ.App. Dallas 1968); Cook v. Jaynes, 366 S.W.2d 646 (Tex. Civ.App. Dallas 1963), (no writ)."

We think the latter cases are controlling here. The subject matter of both the exceptions and appellees' motion for summary judgment had to do with appellant's justiciable interest in the subject matter of this suit. Appellant in fact filed his First Amended Petition on the day the motion for summary judgment was heard, and no material changes in appellant's position were alleged. There is nothing in the record which indicates that appellant called the exceptions to the attention of the trial court or requested action thereon. This question was raised for the first time in appellant's brief on appeal.

Appellant's points of error are overruled. The judgment of the trial court is affirmed.