IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
════════════
No. 05-0855
════════════
 
South Texas Water Authority a/k/a/ South 
Texas Water Authority Industrial Development Corporation, Petitioner,
 
v.
 
Romeo L. Lomas and Citizens 
for Water Acquired Through Equal Rates, Respondents
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Thirteenth District of 
Texas
════════════════════════════════════════════════════
 
PER CURIAM
 
Romeo L. 
Lomas, individually, and other City of Kingsville residents organized as a 
private non-profit association under the name WATER,[1] brought this declaratory-judgment and 
damages action against South Texas Water Authority (STWA) challenging operating 
expenses charged under a water-supply contract with the City. Finding neither 
plaintiff had standing, the trial court granted summary judgment in STWA’s 
favor. The court of appeals reversed in part, holding that Lomas had individual 
standing to pursue monetary and declaratory relief, WATER had associational 
standing to pursue declaratory relief, and both parties had standing as 
third-party beneficiaries of the water-supply contract. ___ S.W.3d at ___. We 
disagree, and reverse the court of appeals’ judgment.
STWA 
constructed a water-transmission line from the City of Corpus Christi to furnish 
treated water to municipal and industrial customers in a portion of South Texas, 
and in 1981 entered into a contract with the City of Kingsville for that 
purpose. Lomas and WATER contend the rates charged under the contract are 
excessive and discriminatory, causing Kingsville ratepayers to bear a 
disproportionate percentage of the operating expense of service compared to 
users residing in other municipal districts that STWA services. Lomas and WATER 
assert standing as third-party beneficiaries of the water-supply contract, 
claiming the contract was intended to provide a direct benefit to the citizens 
of Kingsville.[2] WATER additionally asserts 
associational standing, and both Lomas and WATER contend they have standing to 
bring suit as consumers and taxpayers. We hold that the plaintiffs fail to meet 
the requirements necessary to establish standing under any of these 
theories.
First, there 
is a presumption against conferring third-party-beneficiary status on 
noncontracting parties. MCI Telecomms. Corp. v. Tex. Utils. Elec. Co., 
995 S.W.2d 647, 652 (Tex. 1999). In deciding whether a third party may enforce 
or challenge a contract between others, it is the contracting parties’ intent 
that controls. See Corpus Christi Bank & Trust v. Smith, 525 S.W.2d 
501, 503-04 (Tex. 1975). The intent to confer a direct benefit upon a third 
party “must be clearly and fully spelled out or enforcement by the third party 
must be denied.” MCI Telecomms. Corp., 995 S.W.2d at 651. Incidental 
benefits that may flow from a contract to a third party do not confer the right 
to enforce the contract. Id. at 652. A third party may only enforce a 
contract when the contracting parties themselves intend to secure some benefit 
for the third party and entered into the contract directly for the third party’s 
benefit. Id. at 651; Stine v. Stewart, 80 S.W.3d 586, 589 (Tex. 
2002). To qualify as one for whose benefit a contract was made, the third party 
must benefit more than incidentally; he must be either a donee or creditor 
beneficiary. MCI Telecomms. Corp., 995 S.W.2d at 651. A person is a donee 
beneficiary if the performance promised will come to him as a pure donation. 
Id. If performance will come to satisfy a duty or legally enforceable 
commitment owed by the promisee, then the third party is considered a creditor 
beneficiary. Id.
In this case, 
the water-supply contract provides that STWA agrees to sell, and the City of 
Kingsville agrees to purchase, water under the contract’s terms and conditions. 
The contract does not mention Lomas, WATER, or residents of the City of 
Kingsville in general other than to specify the water’s intended use for sale to 
municipal and industrial customers. The mere description of a product’s intended 
use cannot confer third-party-beneficiary status on intended users, and there is 
nothing more in the contract itself upon which third-party-beneficiary status 
might be based. The court of appeals implicitly recognized as much by looking 
beyond the contract’s terms to find the intended-benefit element in STWA’s 
enabling legislation. ___ S.W.3d at ___. That legislation describes STWA’s 
purpose to be “for the benefit of the people of this state and for the 
improvement of their properties and industries, and [STWA], in carrying out the 
purposes of this Act, will be performing an essential public function under the 
constitution.” Id. (quoting 66th Leg., R.S., ch. 436, § 22, 1979 Tex. 
Gen. Laws 995). In this language, and the water-supply contract’s reference to 
STWA’s statutory powers, the court of appeals found the requisite intent to 
confer a third-party benefit upon residents of the City of Kingsville.
It is true 
that the Legislature, in creating STWA as a conservation and reclamation 
district, intended generally to benefit the people of this state, as presumably 
it intends with all legislation. But general beneficence does not create 
third-party rights, else every Texan could challenge or seek to enforce any 
government contract and the presumption against third-party-beneficiary 
agreements would disappear. The enabling statute upon which the court of appeals 
relied created no more than an incidental benefit to the public at large, the 
very type of benefit we have said is insufficient to confer 
third-party-beneficiary status. Thus, even if the enabling statute’s language 
could be imported into the water-supply contract to discern the parties’ intent, 
which the court of appeals held and we do not address, there is nothing in 
either that would confer donee- or creditor-beneficiary standing upon the 
plaintiffs to challenge the contract’s terms.
Neither are 
Lomas nor WATER entitled to sue under general standing principles. Standing is a 
constitutional prerequisite to filing suit for both individuals and 
associations. See Williams v. Lara, 52 S.W.3d 171, 178 (Tex. 2001); 
Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 447 
(Tex. 1993). The standing requirement’s constitutional underpinnings are found 
in the separation-of-powers doctrine and, in Texas, the open-courts provision. 
Tex. Air Control Bd., 852 S.W.2d at 443. Our separation-of-powers 
article prohibits courts from issuing advisory opinions that decide abstract 
questions of law without binding the parties, as that is a function of the 
executive rather than the judicial branch. Tex. Const. art. II, § 1; Brown v. 
Todd, 53 S.W.3d 297, 302 (Tex. 2001). And our constitution’s open-courts 
provision contemplates access to the courts for only those litigants who have 
suffered an actual injury, as opposed to one that is general or hypothetical. 
Tex. Air Control Bd., 852 S.W.2d at 444. Thus, as a general rule, 
to have standing an individual must demonstrate a particularized interest in a 
conflict distinct from that sustained by the public at large. See 
Williams, 52 S.W.3d at 178; Brown, 53 S.W.3d at 305.
Here, the 
court of appeals determined that Lomas had sufficiently pled a particularized 
injury by claiming that, as a citizen and taxpayer of the City of Kingsville and 
a regulated ratepayer of STWA, he was subjected to disproportionate and 
discriminatory treatment under the water-supply contract. But there is nothing 
to indicate that Lomas was treated differently than any other Kingsville 
resident or suffered an injury peculiar to himself. See Tex. Dep’t of Transp. 
v. City of Sunset Valley, 146 S.W.3d 637, 647 (Tex. 2004) (holding that 
residents of city lacked standing to pursue equal protection claim based on 
geographic disparate treatment). Nor does Lomas fit within the limited exception 
to the particularized-injury rule that confers standing on taxpayers who seek 
injunctive relief to prevent the illegal expenditure of public funds. 
Williams, 52 S.W.3d at 179. To meet this exception, a taxpayer must 
demonstrate that the expenditure is illegal rather than merely “unwise or 
indiscreet.” Id. at 180 (quoting Osborne v. Keith, 177 S.W.2d 198, 
200 (Tex. 1944)). Neither Lomas nor WATER allege that the water-supply contract 
is illegal; rather, they claim the contract is “misapplied,” which is not 
sufficient to confer taxpayer standing. Id. Moreover, the funds paid to 
STWA under the water-supply contract do not derive from taxes, thus Lomas lacks 
taxpayer standing to challenge them.[3] See Franks v. Welch, 389 S.W.2d 
142, 145 (Tex. App.–Houston [1st Dist.] 1965, writ ref’d n.r.e.) (holding 
Houston residents lacked standing to sue because “appellants allege no damage 
peculiar to themselves[,] . . . [and] do not contend in 
their petition or their brief that any of the funds necessary for the 
performance of the contract . . . will be raised by 
taxation”); Houston Natural Gas Corp. v. Wyatt, 359 S.W.2d 257, 260 (Tex. 
Civ. App.–Eastland 1962, no writ) (holding “Wyatt, as a taxpaying citizen of 
Corpus Christi, cannot maintain this suit to enjoin execution of the contract in 
question, which is payable only out of gas revenues”).
WATER 
additionally asserts associational standing on behalf of its members. To have 
standing as an association, WATER must show that (1) its members would have 
standing to sue on their own, (2) the interests WATER seeks to protect are 
germane to its purpose, and (3) neither the nature of the claim nor the relief 
sought requires the participation of the individual members in the lawsuit. 
See Tex. Air Control Bd., 852 S.W.2d at 447 (citing Hunt v. Wash. 
State Apple Advert, Comm’n, 432 U.S. 333, 343 (1977)). To meet the first 
requirement, WATER must show that its members have standing to sue in their own 
right. Id. As neither Lomas nor any other WATER member has demonstrated 
individual standing to contest the water-supply contract, WATER lacks 
associational standing to sue on behalf of its members.
We agree with 
the plaintiffs that, when an organization supplies water, it must do so “without 
discrimination between persons similarly situated.” City of Galveston v. 
Kenner, 240 S.W. 894, 895 (Tex. 1922). But here, STWA supplies water to the 
City of Kingsville pursuant to its wholesale contract with the City, which in 
turn serves individual Kingsville residents as retail customers. Lomas has not 
sued the City of Kingsville for discrimination, and lacks standing to bring such 
a claim against STWA.
Accordingly, 
without hearing oral argument pursuant to Rule 59.1 of the Texas Rules of 
Appellate Procedure, we reverse the court of appeals’ judgment and dismiss the 
case for lack of jurisdiction.
 
 
OPINION DELIVERED: April 
27, 2007







[1] Citizens for Water Acquired Through Equal 
Rates.

[2] As Lomas and WATER filed no response to STWA’s petition 
for review or brief on the merits despite our request that they do so, we 
recount arguments that they made in their briefs to the court of 
appeals.

[3] The water-supply contract states:
[STWA] shall never have the right to demand payment by 
City of any obligation assumed or imposed on it under and by virtue of this 
Contract from funds raised or to be raised by taxation. City’s obligation under 
this Contract shall never be construed to be a debt of City of such kind as to 
require it under the laws of this State to levy and collect a tax to discharge 
such obligation, it being expressly understood by the parties hereto that all 
payments due by City hereunder are to be made from the revenues received by City 
from its waterworks system.