

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| RAY SALAZAR, RICHARD A. NAJERA, JULIE REYNOLDS, GUILLERMO ACOSTA, OTHON MEDINA, AND JESUS B. OCHOA, JR., | § | No. 08-13-00171-CV |
| | § | |
| | § | Appeal from the |
| Appellants, | § | County Court at Law Number Six |
| | § | |
| v. | § | of El Paso County, Texas |
| | § | |
| JOYCE WILSON, IN HER PERSONAL CAPACITY AS CITY MANAGER OF EL PASO, TEXAS, STEVE ORTEGA, IN HIS PERSONAL CAPACITY AS REPRESENTATIVE DISTRICT 7 EL PASO, TEXAS, COURTNEY NILAND, IN HER PERSONAL CAPACITY AS REPRESENTATIVE DISTRICT 8 EL PASO, TEXAS, | § | (TC#2013-DCV-0099) |
| | § | |
| | § | |
| | § | |
| | § | |
| Appellees. | § | |
| | § | |
| | § | |

## **O P I N I O N**

Appellants appeal the trial court's order granting Appellees' plea to the jurisdiction. We affirm the trial court's order granting Appellees' plea to the jurisdiction.

## **BACKGROUND**

Appellants, Ray Salazar, Richard A. Najera, Julie Reynolds, Guillermo Acosta, Othon Medina, and Jesus B. Ochoa, Jr. filed suit against El Paso City Manager, Joyce Wilson, El Paso

City Representative for District 7, Steve Ortega, and El Paso City Representative for District 8, Courtney Niland (Appellees) in their individual capacities. Appellants sought class action status on behalf of a class of more than 2,300 taxpayers who voted in elections when Representatives Ortega and Niland were candidates. TEX. R. CIV. P. 42. Appellants presented three causes of action regarding the acts of one or more Appellees for: (1) misapplication of public funds in the purchase of real estate; (2) illegal payment of a broker's commission for donated property; and (3) conspiracy to corrupt the political process in El Paso, Texas. In their live petition, Appellants alleged that Appellees undertook activities for personal gain and benefit without legal authority while serving as agents, servants, and elected officials of the City of El Paso, that their acts were performed *ultra vires*, and that Appellees are not cloaked with immunity for the alleged activities. Appellants demanded a jury trial and sought as relief damages "in a sum as a jury may find."

Appellees filed a plea to the jurisdiction therein asserting that the trial court was without jurisdiction because: (1) Appellants lack standing to pursue all claims against each Appellee and have not alleged a personal or particular injury; (2) the Texas Tort Claims Act expressly excludes from the waiver of immunity claims of intentional torts, such as the conspiracy complaint filed against Appellees, regardless of whether they are sued in their official or individual capacities; (3) Representatives Ortega's and Niland's acts of voting constituted quintessentially legislative acts for which they are entitled to immunity; and (4) immunity is not waived for Appellants' *ultra vires* claims as the claims are not made against Appellees in their official capacities and do not seek prospective injunctive relief but, rather, impermissible monetary damages.

After hearing argument from the parties' counsel, Honorable Stephen B. Ables granted Appellees' plea to the jurisdiction based on Appellees' governmental immunity, Representatives

2

Ortega's and Niland's legislative immunity, and Appellants' lack of standing.

## DISCUSSION

Appellants present four issues for our consideration. In Issue One, Appellants assert the trial court erred "in constructing Appellants' live pleadings without taking factual allegations as true and constructing them in their favor without having examined their intent[.]" In Issue Two, Appellants assert the trial court erred when it granted Appellees' plea to the jurisdiction based on Appellants' live pleadings and then assert the trial court erred in finding Appellants lacked standing. Issue Three initially contends the trial court abused its discretion in granting Appellees' plea based on Appellants' live pleadings but then asserts that the trial court abused its discretion because their pleadings do not affirmatively negate the existence of jurisdiction and the trial court abused its discretion by dismissing the cause with prejudice. In Issue Four, Appellants complain the trial court erred when it granted the plea on the basis of governmental and legislative immunity "while failing to recognize the *ultra vires* exception in Appellants' common law action for damages[.]"

*Standard of Review*

Subject matter jurisdiction is essential to a court's authority to decide a case. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 553-54 (Tex. 2000); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 443 (Tex. 1993). A court cannot enter a valid judgment if it lacks subject matter jurisdiction. *Dubai Petroleum Company v. Kazi,* 12 S.W.3d 71, 74–75 (Tex. 2000); *see also Tex. Ass'n of Bus.,* 852 S.W.2d at 446 (acknowledging that if a court lacks subject matter jurisdiction it has no choice but to dismiss the case); *City of DeSoto v. White,* 288 S.W.3d 389, 393 (Tex. 2009) (noting that the failure of a jurisdictional requirement deprives a court of the power to hear the

3

action).

A plea to the jurisdiction is a dilatory plea whereby a party challenges a trial court's power to adjudicate the subject matter of the controversy. *Bland Indep. Sch. Dist.,* 34 S.W.3d at 554; *Rojas v. County of El Paso*, 408 S.W.3d 535, 537-38 (Tex. App.–El Paso 2013, no pet.); *Samaniego v. Keller*, 319 S.W.3d 825, 828 (Tex. App.–El Paso 2010, no pet.). The purpose of a plea to the jurisdiction is to "defeat a cause of action without regard to whether the claims asserted have [any] merit." *Bland Indep. Sch. Dist.,* 34 S.W.3d at 554.

Whether a court has subject matter jurisdiction is a question of law. *State v. Holland,* 221 S.W.3d 639, 642 (Tex. 2007); *Tex. Dep't of Parks and Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004). Accordingly, we review a trial court's ruling on a plea to the jurisdiction *de novo. Holland,* 221 S.W.3d at 642; *Miranda,* 133 S.W.3d at 226. In conducting our review, we consider only the pleadings and evidence that are relevant to the jurisdictional issue, and avoid considering evidence that goes to the merits of the case. *Bland Indep. Sch. Dist.,* 34 S.W.3d at 555. When performing our review of a trial court's ruling on a plea to the jurisdiction, we construe the pleadings liberally in favor of conferring jurisdiction. *Tex. Dep't of Transp. v. Ramirez,* 74 S.W.3d 864, 867 (Tex. 2002).

A plaintiff has the burden of pleading facts which affirmatively demonstrate the trial court's jurisdiction. *See Miranda*, 133 S.W.3d at 228; *Tex. Ass'n of Bus.*, 852 S.W.2d at 446; *Samaniego*, 319 S.W.3d at 828. In a plea to the jurisdiction, a defendant may challenge either the plaintiff's pleadings or the existence of jurisdictional facts. *Miranda,* 133 S.W.3d at 226. If a plea challenges the existence of jurisdictional facts, we consider not only the pleadings, but relevant evidence when necessary to resolve the jurisdictional issues raised, as the trial court is

4

required to do. *See Holland,* 221 S.W.3d at 643; *Miranda,* 133 S.W.3d at 227; *Bland Indep. Sch. Dist.,* 34 S.W.3d at 555. In most cases, the trial court should limit its consideration of evidence to only that which is relevant to the jurisdictional issue and avoid considering evidence that goes to the merits. *Bland Indep. Sch. Dist.,* 34 S.W.3d at 555. However, in some cases jurisdiction involves the merits. *Miranda,* 133 S.W.3d at 227. In such circumstances, the trial court must review the evidence to determine if there is a fact issue. *Id.* If the evidence raises a fact issue regarding jurisdiction, the trial court cannot grant the plea and the trier of fact must resolve the issue. *Id.* at 227-28. If the relevant evidence is undisputed or if there is no fact question on the jurisdictional issue, the trial court should grant the plea as a matter of law. *Id.* at 228.

*Standing*

We commence our analysis by addressing Issue Two, in which Appellants specifically complain that the trial court erred in granting the plea to the jurisdiction for lack of standing. Standing is a component of a court's subject matter jurisdiction, cannot be waived, and can be raised for the first time on appeal. *Tex. Ass'n of Bus.,* 852 S.W.2d at 446; *Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 248 (Tex. App.–Dallas 2005, no pet.). Without standing, a court lacks subject matter jurisdiction to hear the case. *Tex. Ass'n of Bus.*, 852 S.W.2d at 443. The general test for standing requires that there be a real controversy between the parties that will actually be determined by the judicial declaration sought. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446.

Unless standing is conferred by statute, a plaintiff must show that he has suffered a particularized injury distinct from the general public. *Bland Indep. Sch. Dist.,* 34 S.W.3d at 555–56. This bar against generalized grievances applies to suits brought by citizens as voters. *See Brown v. Todd,* 53 S.W.3d 297, 302 (Tex. 2001) ("No Texas court has ever recognized that a

5

plaintiff's status as a voter, without more, confers standing to challenge the lawfulness of governmental acts."). A taxpayer plaintiff, like any other plaintiff, carries the initial burden of alleging facts that affirmatively demonstrate the trial court's jurisdiction. *See Andrade v. Venable*, 372 S.W.3d 134, 138 (Tex. 2012); *Miranda,* 133 S.W.3d at 226.

Taxpayer standing is a judicially-created exception to the general standing rule. *Williams v. Lara*, 52 S.W.3d 171, 180 (Tex. 2000) (citations omitted). The Texas Supreme Court has limited the applicability of this exception by narrowly defining the type of action a taxpayer can maintain. *Williams*, 52 S.W.3d at 180. These limitations are based upon the realization that "'[g]overnments cannot operate if every citizen who concludes that a public official has abused his discretion is granted the right to come into court and bring such official's public acts under judicial review.'" *Bland,* 34 S.W.3d at 555, *quoting Osborne v. Keith,* 177 S.W.2d 198, 200 (1944); *Williams*, 52 S.W.3d at 180. Under this narrow exception, a taxpayer may maintain an action solely to challenge proposed illegal expenditures but may not sue to recover funds previously expended, or challenge expenditures that are merely "unwise or indiscreet." *Williams*, 52 S.W.3d at 180. Thus, a taxpayer has standing to sue to enjoin the illegal expenditure of public funds, and need not demonstrate a particularized injury. *Williams,* 52 S.W.3d at 179; *Bland Indep. Sch. Dist.,* 34 S.W.3d at 556; *Osborne,* 177 S.W.2d at 200.

For each cause of action presented in their live pleadings, Appellants seek relief in the form of monetary damages.[1] Because they do not seek to enjoin the prospective and illegal expenditure of public funds, Appellants are without standing, and neither we nor the trial court possess jurisdiction to hear the case below or the issues presented on appeal. *See Williams,* 52 S.W.3d at 179; *Bland Indep. Sch. Dist.,* 34 S.W.3d at 556; *Tex. Ass'n of Bus.*, 852 S.W.2d at 443. The trial

---

[1] Appellants filed an original petition, a first-amended original petition, and a second-amended original petition.

court did not err in determining that Appellants are without standing or in granting Appellees' plea to the jurisdiction. *Williams,* 52 S.W.3d at 179; *Bland Indep. Sch. Dist.,* 34 S.W.3d at 556; *Osborne,* 177 S.W.2d at 200. When a plaintiff lacks standing, dismissal of the lawsuit is proper. *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304 (Tex. 2008).

## CONCLUSION

The trial court's order granting Appellees' plea to the jurisdiction is affirmed.


                                        GUADALUPE RIVERA, Justice

May 14, 2014

Before Rivera, J., Rodriguez, J., and Chew, C.J. (Senior Judge)
Chew, C.J. (Senior Judge), sitting by assignment, concurring

7