**AFFIRMED and Opinion Filed May 19, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00349-CV

**EUGENE JALON ROBINSON, Appellant**
**V.**
**JENNIFER H. SCRIPPS, DIRECTOR OF THE OFFICE OF CULTURAL AFFAIRS, AND THE CITY OF DALLAS, Appellees**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-08544**

## MEMORANDUM OPINION
Before Justices Carlyle, Smith, and Garcia
Opinion by Justice Smith

Appellant Eugene Jalon Robinson appeals from the trial court's order granting appellees Jennifer H. Scripps, Director of the Office of Cultural Affairs, and the City of Dallas's plea to the jurisdiction and dismissing his case with prejudice. In three issues, Robinson argues that the trial court erred in dismissing his claims because (1) he has taxpayer standing, (2) governmental immunity does not protect appellees, and (3) the political question doctrine does not apply. We affirm.

## Factual Background and Procedural History

Robinson, as a resident and taxpayer of the City of Dallas, brought suit against Scripps and the City on June 22, 2020. He alleged that the City was in the process of disassembling a 120-year-old Pioneer Cemetery Confederate War Memorial (the Monument) and that the City was commencing such work with an expired Certificate of Demolition (CD) making the work illegal. He sought to enjoin the City from altering the Monument and to require the City to follow its own ordinances through applications for writ of mandamus, a temporary restraining order, and a temporary injunction. Robinson also asserted an ultra vires claim against Scripps on the basis that she was the applicant of the expired CD and that the work that commenced after the CD's expiration was without legal authority and exceeded the bounds of the granted authority.

Scripps had applied for a CD for the Monument, which was approved in March 2019. The CD was set to expire 180 days from its approval date. Robinson alleged that the CD expired on September 2, 2019, before the City commenced work on June 15, 2020[1]; that the City failed to seek an extension in writing prior to its

[1] After previously granting a writ of injunction in a separate case, which enjoined the City from altering, removing, or destroying the Monument at issue, this Court granted the City's motion to reconsider and lifted the stay to allow the City to dissemble and store the Monument. *In re Carter*, No. 05-20-00279-CV, 2020 WL 7693178, at *1 (Tex. App.—Dallas Dec. 28, 2020, orig. proceeding) (mem. op.) (citing *In re Return Lee to Lee Park*, No. 05-19-00774-CV, 2019 WL 5119437, at *1–2 (Tex. App.—Dallas Oct. 10, 2019, orig. proceeding) (mem. op.)). The City began removing the Monument shortly thereafter. Once the appeal was disposed and the injunction was lifted in *In re Return Lee to Lee Park*, we granted another writ of injunction, filed by unrelated parties, requiring the City to maintain the storage of the Monument and prohibiting the City from disposing of or harming the Monument. *Id.* at *1–3.

expiration; and that the City failed to apply and receive a new CD before removing the Monument. Therefore, Robinson sought to declare the CD null and void and require the City to "start over."

The trial court denied Robinson's application for a temporary restraining order on June 23, 2020. Robinson then filed a petition for writ of injunction or mandamus and emergency motion for temporary relief seeking to enjoin the City from removing the Monument, which this Court denied. *In re Robinson*, No. 05-20-00633-CV, 2020 WL 5036143, at *1 (Tex. App.—Dallas July 2, 2020, orig. proceeding) (mem. op.).

Appellees filed a plea to the jurisdiction arguing that Robinson had not shown a waiver of governmental immunity, he did not have standing to assert his claims, his claims were moot because the Monument was removed and placed in archival storage, he did not bring a valid ultra vires claim against Scripps, and he presented only a political question. Robinson maintained that he had taxpayer standing and that his ultra vires claim was valid and not subject to a plea of governmental immunity. He also asserted that he intended to add a claim alleging the City had violated the Texas Open Meetings Act. Robinson did not, however, respond to the City's arguments that his claims were moot or presented only a political question.

The trial court granted appellees' plea to the jurisdiction and dismissed Robinson's claims with prejudice on April 8, 2021. The trial court did not indicate on which legal basis it granted the plea. Robinson appealed.

**Pleas to the Jurisdiction and Standing**

To invoke the trial court's subject-matter jurisdiction, the plaintiff must allege facts that affirmatively demonstrate the court has jurisdiction to hear the case. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Standing is a prerequisite to subject-matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553 (Tex. 2000). As a general rule, a taxpayer does not have standing to contest government decision-making because "[g]overnments cannot operate if every citizen who concludes that a public official has abused his discretion is granted the right to come into court and bring such official's public acts under judicial review." *Id.* at 555 (quoting *Osborne v. Keith*, 177 S.W.2d 198, 200 (Tex. 1944)). Therefore, unless standing is conferred by statute, a plaintiff must demonstrate that he has suffered a particularized injury distinct from that suffered by the general public in order to challenge a governmental action. *Id*. at 555–56. However, a taxpayer does have standing to sue in equity to enjoin the illegal expenditure of public funds without having to show that he suffered a distinct injury. *Id.* at 556. But, once the funds have been spent, a taxpayer no longer has standing. *Id.*

A controversy must exist between the parties at every stage of the legal proceeding, including the appeal, in order for a plaintiff to maintain standing. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). If a controversy ceases to exist, such as when the government has spent the funds the plaintiff has sought to enjoin it from illegally spending, the case becomes moot. *Id.*; *Blackard v. Schaffer*, No.

–4–

05-16-00408-CV, 2017 WL 343597, at *5–6 (Tex. App.—Dallas Jan. 18, 2017, pet. denied) (mem. op.).

A plea to the jurisdiction is an appropriate procedural vehicle by which a party may challenge a trial court's subject-matter jurisdiction. *Bland*, 34 S.W.3d at 554; *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 639 (Tex. 1999). When a plea to the jurisdiction challenges the existence of jurisdictional facts, the court considers the evidence submitted when resolving the jurisdictional issue. *Miranda*, 133 S.W.3d at 227. "If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder." *Id.* at 227–28. However, if the evidence related to the jurisdictional issue is undisputed or fails to raise a fact question as to jurisdiction, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

We review a trial court's ruling on a plea to the jurisdiction *de novo*. *Id.* As with the summary judgment standard of review, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovants favor. *Id.*

In their plea to the jurisdiction, appellees asserted that Robinson's claims were moot and he no longer had standing because the Monument had been removed and placed in archival storage, the contractor had been paid from the proceeds of the sale of another Confederate statue (the Robert E. Lee statue), and the contract had been closed. Robinson did not respond to appellees' mootness argument in the trial court.

–5–

On appeal, he argues that his claims are not moot because the City continues to pay for storing the Monument and will one day move the Monument from storage. But Robinson's claims below never addressed the storage of the Monument much less alleged that the City was illegally expending funds to store it or will be illegally expending funds to move it.

In *Bland*, the supreme court concluded that a taxpayer's standing to bring suit to enjoin a government's performance of an illegal agreement ends once the contract has been fully performed. 34 S.W.3d at 556–58. Here, appellees established that the Monument had been removed and the contractor had been paid in full. Robinson did not challenge or raise a fact question as to appellees' evidence on this issue. Although Robinson argues on appeal that he is not seeking to enjoin the performance of a contract but that he is instead seeking to return the Monument, he did not seek such relief in his petition filed below, nor would seeking such relief support his argument that he has taxpayer standing, which is limited to enjoining the illegal expenditure of public funds. *Id.* at 556. Moreover, the application for the CD describes the work as: "Disassembly, remove and transfer to the storage on City of Dallas property-The Confederate Monument in Pioneer Cemetery." Thus, the work that Robinson complains was done illegally because the CD had expired has been completed. Robinson's claims are moot.

In his reply brief, Robinson urges us to consider the "capable of repetition, yet evading review" and the collateral consequences[2] exceptions to the mootness doctrine. To establish the "capable of repetition, yet evading review" exception, which applies only in rare circumstances, a plaintiff must prove that (1) the challenged action was too short in duration to be fully litigated before the action ceased or expired, and (2) a reasonable expectation exists that the same complaining party will be subjected to the same action again. *Williams*, 52 S.W.3d at 184. First, Robinson did not raise this exception in the trial court in response to appellees' mootness argument. And, second, we disagree that it applies here.

Robinson has not demonstrated that the same controversy will recur between him and the City. There is no evidence that the City routinely demolishes or removes property without a valid CD and, here, the City has argued that it believed the 180-day window to commence work was tolled by this Court's order enjoining the City from removing the Monument. Robinson's argument that there are other Confederate monuments in the City and the City is capable of repeating its illegal actions does nothing more than raise a theoretical possibility that the City would perform work without a valid CD. *See Blackard*, 2017 WL 343597, at *6 ("The

---

[2] Robinson provides the following sentence in support of the collateral consequences exception: "The 'collateral consequences' exception is applicable because of both the public interest in resolving this important question of whether the Defendants are required to follow their own law, and the ruling's effect upon how the Defendants may proceed in the future in removing monuments." Robinson's argument is not sufficiently briefed, nor was it raised in the trial court. Therefore, it is waived, and we will not address it. *See* TEX. RS. APP. P. 33.1(a); 38.1(i).

mere physical or theoretical possibility that the same party may be subjected to the same action again is not sufficient to satisfy the test."). Furthermore, Robinson's illegality complaint is not one that challenges the constitutionally of the City's actions. *Id.* ("This exception to the mootness doctrine has only been used to challenge unconstitutional acts performed by the government."). Therefore, we cannot conclude that this is one of those rare circumstances in which the "capable of repetition, yet evading review" exception to the mootness doctrine applies.

The trial court did not err in granting appellees' plea to the jurisdiction and dismissing Robinson's claims. *See Miranda*, 133 S.W.3d at 228 (plea must be granted when undisputed evidence negates jurisdiction); *City of El Paso v. Waterblasting Techs., Inc.*, 491 S.W.3d 890, 904–10 (Tex. App.—El Paso 2016, no pet.) (concluding performance of contract mooted claims for injunctive and declaratory relief, as well as ultra vires claim).

We overrule Robinson's first issue challenging the trial court's dismissal order on the basis that he lacked taxpayer standing. Because we have concluded that the trial court did not err in granting appellees' plea and dismissing Robinson's claims, it is unnecessary for us to review Robinson's remaining issues challenging the trial court's order on the basis of governmental immunity or the political question doctrine. *See* TEX. R. APP. P. 47.1.

**Conclusion**

We affirm the order of the trial court.

/Craig Smith/
_____
CRAIG SMITH
JUSTICE

210349F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EUGENE JALON ROBINSON,
Appellant

No. 05-21-00349-CV        V.

JENNIFER H. SCRIPPS,
DIRECTOR OF THE OFFICE OF
CULTURAL AFFAIRS, AND THE
CITY OF DALLAS, Appellees

On Appeal from the 14th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-08544.
Opinion delivered by Justice Smith.
Justices Carlyle and Garcia
participating.

In accordance with this Court's opinion of this date, the order of the trial court dismissing appellant EUGENE JALON ROBINSON'S case with prejudice is **AFFIRMED**.

It is **ORDERED** that appellee JENNIFER H. SCRIPPS, DIRECTOR OF THE OFFICE OF CULTURAL AFFAIRS, AND THE CITY OF DALLAS recover their costs of this appeal from appellant EUGENE JALON ROBINSON.

Judgment entered this 19th day of May 2022.