**TOWN OF PALM VALLEY, Texas,**

v.

**Paul JOHNSON and The Johnson Company d/b/a J Properties, Respondents.**

No. 00–0650.

Supreme Court of Texas.

Sept. 20, 2001.

Robert C. Sheline, Gibbon, Gibbon & Sheline, Harlingen, for petitioner.

Richard D. Schell, Fleuriet Schell Law Firm, Harlingen, for respondent.

PER CURIAM.

A subdivision in the Town of Palm Valley has a street, Lemon Drive, that ends at the subdivision boundary line, which is also the town's boundary line. The adjacent property, which is in the City of Harlingen, is owned by Paul Johnson. Johnson proposed a subdivision of his property with a street connecting to Lemon Drive. In response, Palm Valley built a fence on Lemon Drive one or two feet short of the property line and declared the end of the street to be a cul-de-sac. Johnson sued Palm Valley and obtained a permanent injunction prohibiting any barricade or closure of Lemon Drive to the town boundary. A divided court of appeals affirmed.[1]

The court of appeals' opinion indicates that an injunction may be granted under section 65.011(1), TEX. CIV. PRAC. & REM. CODE, without a showing of irreparable harm.[2] That statute provides:

> A writ of injunction may be granted if (1) the applicant is entitled to the relief demanded and all or part of the relief requires the restraint of some act prejudicial to the applicant....

Were the court correct, the statute could be applied in every case to abolish altogether the need to show irreparable harm as a prerequisite to obtaining injunctive relief.

Section 65.011(1) derives, with nonsubstantive changes, from article 2873(1) of

---

1. 17 S.W.3d 281.

2. *Id.* at 286 (citing *Hale County v. Davis*, 572 S.W.2d 63, 66 (Tex.Civ.App.—Amarillo 1978, writ ref'd n.r.e.)).

the 1879 Revised Statutes of Texas.[3] In 1897, we said in *Sumner v. Crawford,* in dicta, that the statute (then article 2989 of the 1895 Revised Statutes of Texas) permitted injunctive relief absent the showing required in equity that no adequate legal remedy existed.[4] Years later, however, in *Powers v. Temple Trust Co.,* we recanted this view of the statute (which had become article 4642 of the 1925 Texas Revised Civil Statutes), reasoning that if injunctive relief could be granted when legal relief was available, the two would simply be alternative remedies at a litigant's option in every case.[5] We concluded:

> We do not think it was the intention of the Legislature in the enactment of the injunction statute[ ] ... to simply provide a choice of remedies for litigants, but that the intention was to provide a remedy to cover those injuries for which there was not clear, full, and adequate relief at law.

Thus, although the statute, now section 65.011(1), does not expressly make the lack of an adequate legal remedy a prerequisite for injunctive relief, this requirement of equity continues.

For the same reasons we explained in *Powers,* the statute does not permit injunctive relief without the showing of irreparable harm otherwise required by equity. If it did, the statutory remedy would simply replace the equitable one, which requires the additional showing. Given our conclusion that the 1879 Legislature intended no such substitution of injunctive remedies, it follows that the statute did not abolish the requirement of a showing of irreparable injury. We disapprove the statements in the court of appeals' opinion that conflict with this construction of section 65.011(1).

We conclude, however, that any error in the court of appeals' opinion did not result in an error in its judgment that should be corrected. Accordingly, Palm Valley's petition for review is denied.

---

**3.** "Judges of the district and county courts may, either in term time or vacation, grant writs of injunction, returnable to said courts, in the following cases: 1. Where it shall appear that the party applying for such writ is entitled to the relief demanded, and such relief or any part thereof requires the restraint of some act prejudicial to the applicant...."

**4.** 91 Tex. 129, 41 S.W. 994, 996 (Tex.1897).

**5.** 124 Tex. 440, 78 S.W.2d 951, 953–954 (Tex. Comm'n App.1935, opinion adopted) (per curiam) (citing *Hill v. Brown,* 237 S.W. 252, 254 (Tex. Comm'n App.1922, judgm't adopted)).