

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00002-CV

**DEVON ENERGY PRODUCTION COMPANY, LP,**

**Appellant**

**v.**

**JOANNE MCCARVER AND LANE GARRETT
CUSTOM HOMES, INC.,**

**Appellees**

### From the County Court at Law No. 2
### Johnson County, Texas
### Trial Court No. C201400114

## MEMORANDUM OPINION

Joanne McCarver sued Devon Energy Production Company, LP for breach of contract and negligence, requesting a permanent injunction. After a bench trial, the trial court granted the permanent injunction. Because the trial court abused its discretion in granting the permanent injunction, we reverse the trial court's judgment granting a permanent injunction and render judgment that McCarver take nothing.

Devon has access to portions of McCarver's property pursuant to a mineral lease. Devon accesses the property through a gate. McCarver began developing a high-end restricted access residential community on the property. Devon agreed to move its access to a more remote point at McCarver's request. In September of 2012, unknown criminals entered McCarver's property and stole infrared security cameras and a DVR that belonged to McCarver from the property. The cameras and DVR were replaced by Summit Monitoring & Security at a cost of $1,700. In October of 2013, unknown criminals again entered the property and stole an air-conditioning unit from a home being built on the property. The air conditioning unit was replaced by J & S Air, Inc. at a cost of $3,100. McCarver blamed Devon for the thefts by making the property more accessible through Devon's gate which was alleged to have been left open.[1] McCarver requested a permanent injunction restraining Devon from leaving any access gate open or unlocked when accessing McCarver's property.

In three issues, Devon contends the trial court erred in granting the permanent injunction because it was not supported by any underlying cause of action (issue one); the evidence was insufficient to support the necessary elements of a permanent injunction (issue two); and the scope of the injunction was too broad (issue three). Alternatively, Devon contends in a fourth issue that because the trial court failed to file

---

[1] The evidence showed that when the items were stolen, the gate was open; but, it was unknown to McCarver whether Devon left the gate open or whether the chain securing the closure of the gate was cut by the unknown criminals.

findings of fact and conclusions of law prior to the end of the court's term, the trial court did not seek reelection, and thus, the appeal cannot be abated to the trial court for such findings, the case should be reversed and remanded for a new trial.

We begin our discussion with Devon's second issue.

Whether to grant a permanent injunction is ordinarily within the sound discretion of the trial court and, on appeal, review of the trial court's action is limited to the question of whether the trial court clearly abused its discretion. *Noell v. City of Carrollton*, 431 S.W.3d 682, 712 (Tex. App.—Dallas 2014, pet. denied).

Much discussion was had between the parties and the trial court about whether McCarver was required to show irreparable injury before being entitled to a permanent injunction. The trial court determined that because it was proceeding under section 65.011(3) of the Civil Practice and Remedies Code, McCarver was not required to show irreparable injury.

At common law, the applicant seeking injunctive relief must demonstrate (1) the existence of a wrongful act; (2) the existence of imminent harm; (3) the existence of irreparable injury; and (4) the absence of an adequate remedy at law. *See Noell v. City of Carrollton*, 431 S.W.3d 682, 712 (Tex. App.—Dallas 2014, pet. denied); *Webb v. Glenbrook Owners Ass'n, Inc.*, 298 S.W.3d 374, 384 (Tex. App.—Dallas 2009, no pet.); *Priest v. Tex. Animal Health Comm'n*, 780 S.W.2d 874, 875 (Tex. App.—Dallas 1989, no writ). "However, if an applicant relies on a statute that defines the requirements for injunctive

relief, then the express statutory language supersedes common law requirements." *Sonwalkar v. St. Luke's Sugar Property P'ship*, *L.L.P.*, 394 S.W.3d 186, 197 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (*quoting Butler v. Arrow Mirror & Glass, Inc.*, 51 S.W.3d 787, 795 (Tex. App.—Houston [1st Dist.] 2001, no pet.); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 65.001 (West 2008) ("The principles governing courts of equity govern injunction proceedings if not in conflict with this chapter or other law."); TEX. R. CIV. P. 693 ("The principles, practice and procedure governing courts of equity shall govern proceedings in injunctions when the same are not in conflict with these rules or the provisions of the statutes.").

Section 65.011(3) provides that a writ of injunction may be granted if "3) the applicant is entitled to a writ of injunction under the principles of equity and the statutes of this state relating to injunctions;…" TEX. CIV. PRAC. & REM. CODE ANN. § 65.011(3) (West 2008). It does not, however, define the requisite injury entitling the applicant to injunctive relief. *Accord Sonwalkar v. St. Luke's Sugar Property P'ship*, *L.L.P.*, 394 S.W.3d 186, 197 (Tex. App.—Houston [1st Dist.] 2012, no pet.). We conclude that section 65.011(3) is comparable to section 65.011(1), a similar provision in the Texas Civil Practice and Remedies Code, which the Texas Supreme Court held in *Town of Palm Valley v. Johnson* does not permit injunctive relief without the showing of irreparable harm or injury as otherwise required by equity. *Town of Palm Valley v. Johnson*, 87 S.W.3d 110, 111 (Tex. 2001). The Texas Supreme Court reasoned that if the statute

allowed injunctive relief without a showing of irreparable harm or injury, "the statutory remedy would simply replace the equitable one…." *Id*. Likewise, section 65.011(3) does not supersede the common law's irreparable harm or injury requirement. To hold otherwise would mean it would simply replace the "equitable one." *Id*. Therefore, McCarver was required to prove this element in order to be entitled to injunctive relief under the statute just as at common law to obtain the equitable remedy of injunction.

An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). That is, the applicant has to establish there is no adequate remedy at law for the damages which are sought to be avoided by enjoining the party and thus preventing the damages before they occur. *See Millwee-Jackson Joint Venture v. DART*, 350 S.W.3d 772, 782 (Tex. App.—Dallas 2011, no pet.); *Cardinal Health Staffing Network, Inc. v. Bowen*, 106 S.W.3d 230, 235 (Tex. App.—Houston [1st Dist.] 2003, no pet.). An adequate remedy at law is one that is as complete, practical, and efficient to the prompt administration of justice as is equitable relief. *Id*.

Testimony and exhibits were presented to the trial court that the particular items alleged in McCarver's original petition as being stolen from the property, infrared security cameras and an air conditioning unit, were replaced with equivalent items by professional companies and for specific amounts. Replacement of the items with equivalent items was not shown to be inadequate. Thus, McCarver had an adequate

remedy at law for damages and could not show an irreparable injury. Accordingly, McCarver was not entitled to a permanent injunction, and the trial court abused its discretion in granting one.

Devon's second issue is sustained.

Because we find that the trial court abused its discretion in granting a permanent injunction, we need not discuss Devon's remaining issues. Nothing herein should be construed as alleviating Devon's contractual or common law obligations owed to McCarver. Because of the nature of the relief requested and the procedural poster of the case, this opinion does not address whether there was a breach of a duty owed to McCarver or whether McCarver suffered compensable damages, and we specifically do not express an opinion with regard to those issues. This opinion addresses only the nature of the remedy based on the evidence introduced at this trial.

The trial court's judgment granting a permanent injunction is reversed, and judgment is rendered that McCarver take nothing.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Reversed and rendered
Opinion delivered and filed August 6, 2015
[CV06]

